UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re John E. Hoover, III, Debtor | ) |
| | ) |
| JOHN E. HOOVER, III | ) |
| | ) |
| Appellant, | )   Civ. Act. No. 14-40126-TSH |
| | ) |
| v. | ) |
| | )   Bankruptcy Chapter 7 |
| WILLIAM K. HARRINGTON | )   Case No. 14-40478-MSH |
| UNITED STATES TRUSTEE | ) |
| FOR REGION 1, | ) |
| | ) |
| Appellee. | ) |

**MEMORANDUM AND ORDER ON APPEAL FROM BANKRUPTCY COURT**

**August 27, 2015**

**HILLMAN, D.J.**

John E. Hoover, III appeals an order of the United States Bankruptcy Court for the District of Massachusetts converting his Chapter 11 bankruptcy case to a case under Chapter 7. For the following reasons, the order of the Bankruptcy Court is ***affirmed***.

**Background**

Debtor John E. Hoover, III ("Hoover") owns Halloween Costume World, a costume business. On March 15, 2014, as an individual and "d/b/a Halloween Costume World," Hoover filed a voluntary petition for bankruptcy relief under Chapter 11 of the U.S. Bankruptcy Code. *See* Voluntary Petition, Bankr. Case No. 14-40478, Docket Entry No. 1 (hereinafter "Bankruptcy Court Docket, Entry No. _"). Following the filing of the petition, Hoover continued to operate his business as a debtor-in-possession. On April 8, 2014, the United States Trustee ("U.S.

Trustee") filed a motion pursuant to 11 U.S.C. § 1112(b), to dismiss or convert the case to a liquidation proceeding under Chapter 7. *See* Mot. to Convert, Bankruptcy Court Docket, Entry No. 28. In its motion, the U.S. Trustee asserted that cause for conversion or dismissal existed under § 1112(b)(4)(A) and (b)(4)(D). *Id.* at 2, ¶ 9. The Bankruptcy Court held a hearing on the motion on May 22, 2014, taking the matter under advisement and scheduling a further evidentiary hearing. *See* Bankruptcy Court Docket, Entry No. 70. The Bankruptcy Court instructed the parties to file any monthly operating statements and memoranda relevant to "the ability of the debtor to propose a feasible Chapter 11 plan." *Id.* The evidentiary hearing was held on July 30, 2014. Hoover was the sole witness. *See* Evid. Hr'g Tr., July 30, 2014, Bankruptcy Court Docket, Entry No. 170. He testified on direct and cross-examination about his business, his finances, and the prospects for reorganization. *Id.*

At the conclusion of the hearing, the Bankruptcy Court granted the U.S. Trustee's motion, making findings on the record. *Id.* at 120-129. The Bankruptcy Court found that cause existed to convert the case to Chapter 7 under three separate provisions of § 1112(b)(4): continuing loss or diminution of the estate and absence of a reasonable likelihood of rehabilitation under (b)(4)(A); unauthorized use of cash collateral substantially harmful to one or more creditors under (b)(4)(D); and unexcused failure to satisfy filing or reporting requirements under (b)(4)(F). *Id.* Although not argued by the U.S. Trustee, the Bankruptcy Court raised the failure to satisfy filing requirements *sua sponte*. Given its findings, the Court converted Hoover's case from Chapter 11 to Chapter 7. *Id.* Bankruptcy Court Docket, Entry No. 126. Hoover filed a notice of appeal the following day. *Id.* at Entry No. 131.

**Discussion**

*Standard of Review*

This Court reviews a bankruptcy court's findings of fact for clear error. *See In re LaRoche*, 969 F.2d 1299, 1301 (1st Cir. 1992). "A finding of fact is clearly erroneous, although there is evidence to support it, when the reviewing court, after carefully examining all the evidence, is left with the definite and firm conviction that a mistake has been committed." *Palmacci v. Umpierrez*, 121 F.3d 781, 785 (1st Cir. 1997) (internal quotations omitted). "The bankruptcy court's legal conclusions, drawn from the facts so found, are reviewed *de novo*." *Id*. When a reviewing court "scrutinize[s] factual determinations and discretionary judgments made by a bankruptcy judge . . . considerable deference [is given] to the bankruptcy court." *In re DN Assoc.*, 3 F.3d 512, 515 (1st Cir. 1993) (internal citation omitted).

On motions for conversion or dismissal under § 1112(b), the bankruptcy court is afforded broad discretion. *See In re Gonic Realty Trust*, 909 F.2d 624, 626-27 (1st Cir. 1990); *see also In re Koerner*, 800 F.2d 1358, 1367 (5th Cir. 1986). "The legislative history [of § 1112(b)] discloses a clear congressional intent to invest the bankruptcy court with wide discretion to make an appropriate disposition of the case and to consider other factors as they arise, and use its equitable powers to reach an appropriate result in individual cases." *In re Abijoe Realty Corp.*, 943 F.2d 121, 128 (1st Cir. 1991) (internal quotations and alterations omitted). Accordingly, this Court reviews orders under § 1112(b) for abuse of discretion. *See id.*; *see also In re Gonic Realty Trust*, 909 F.2d at 626. "In its application, the abuse of discretion standard is indistinguishable from the clearly erroneous standard." *In re Williams*, 256 B.R. 885, 891 (B.A.P. 8th Cir. 2001); *see also In re 1095 Commonwealth Corp.*, 236 B.R. 530, 535 (D. Mass. 1999) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401, 110 S. Ct. 2447 (1990)).

*Whether the Bankruptcy Court abused its discretion by converting Hoover's case from Chapter 11 to Chapter 7*

Upon the request of a party-in-interest such as the U.S. Trustee,[1] "and after notice and a hearing, the [bankruptcy] court shall convert a case under [Chapter 11] to a case under [Chapter 7] or dismiss [the case], whichever is in the best interests of creditors and the estate, for cause . . . ." 11 U.S.C. § 1112(b). Section 1112(b)(4) provides a non-exhaustive list of grounds for cause. *See* 11 U.S.C. § 1112(b)(4). Following the July 30, 2014 evidentiary hearing, the Bankruptcy Court determined that cause existed under (b)(4)(A), (b)(4)(D) and (b)(4)(F), and converted Hoover's case from Chapter 11 to Chapter 7. On appeal, Hoover argues that the Bankruptcy Court erred in finding cause, that conversion was not in the best interest of the creditors, and that he was not provided with adequate notice and an opportunity to be heard.

*Cause under § 1112(b)(4)(A)*

Cause to convert a Chapter 11 case exists under § 1112(b)(4)(A) where there is a "substantial or continuing loss to or diminution of the estate *and* the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A) (emphasis added). The Bankruptcy Court concluded that cause for conversion existed under (b)(4)(A) because Mr. Hoover was diminishing the estate by selling inventory without replacing it, and the evidence presented at the July 30, 2014 hearing established that rehabilitation of the company was unlikely. The Bankruptcy Court did not abuse its discretion in reaching that conclusion.

With respect to diminution of the bankruptcy estate, Hoover testified that he had been selling inventory since the beginning of the bankruptcy case without replenishing it. *See* Evid. Hr'g Tr., at 70:22-71:1. Given this undisputed depletion of estate assets, there can be no clear

---

[1] The U.S. Trustee is an official appointed by the Attorney General to supervise the administration of bankruptcy cases. *See* 28 U.S.C. §§ 581-589. The U.S. Trustee is directed by statute to seek conversion or dismissal of Chapter 11 cases where grounds exist for relief under 11 U.S.C. § 1112. *See* 11 U.S.C. § 586(a)(8).

error in the Bankruptcy Court's finding on the diminution prong. *See, e.g.*, *In re LG Motors, Inc.*, 422 B.R. 110, 116 (Bankr. N.D. Ill. 2009) (finding diminution of estate where inventory and other assets had decreased since petition date).

Nor did the Bankruptcy Court clearly err in finding no reasonable likelihood of rehabilitation. The profit and loss statements prepared by Hoover's bookkeeper showed that the business lost over $135,000 in 2013. *See* Profit & Loss Statements, Bankruptcy Court Docket, Entry No. 39-1, at 2. The monthly operating reports indicated that since filing for bankruptcy, Halloween Costume World had only generated minimal profits despite its diminishing inventory. *See* Monthly Operating Reports, Evid. Hr'g, July 30, 2014, Exs. 2-5 (filed in open court). The Bankruptcy Court methodically examined the financial data, giving the benefit of the doubt at every turn to the debtor, and reasonably concluded that the evidence failed to establish that the business would be able to meet its monthly obligations under a confirmed Chapter 11 plan. *See* Evid. Hr'g Tr., at 124:14-126:17. Upon review of the evidence and the Bankruptcy Court's reasoning, this Court is not left with a "definite and firm conviction that a mistake has been committed." *In re Watman*, 301 F.3d 3, 8 (1st Cir. 2002).

Hoover's testimony also exposed remarkable financial mismanagement of his business. Hoover acknowledged that his profit and loss statements and monthly operating reports contained numerous errors, *see, e.g.*, *id.* at 36:15-38:4; 52:16-54:11; 58:6-59:6; 65:13-66:19, that he feels incompetent to manage the financial reporting himself, *id.* at 84:1-6; and that in his stead he uses a volunteer bookkeeper who has no professional training. *Id.* at 48:18-49:24. This evidence further supports a finding that the business was unlikely to be "put back in good condition" under (b)(4)(A). *In re Westgate Props., Ltd.*, 432 B.R. 720 (Bankr. N.D. Ohio 2010).

It is true that Hoover testified his profits would grow in the future because he planned to open a flea market in his building and a nearby competitor was no longer in business. *Id.* at 15:21-20:2; 67:16-69:18. However, that testimony was based on nothing more than optimistic speculation, and the Bankruptcy Court was not wrong to reject it. *See Palmacci*, 121 F.3d at 785 (noting that "[d]eference to the bankruptcy court's factual findings is particularly appropriate" on issues that depend "largely upon an assessment of the credibility and demeanor of the debtor"). Nor did the Court clearly err in rejecting Hoover's argument about the seasonal nature of his business. In light of the evidence of paltry income, Hoover's bald assertion that Halloween Costume World will have large profits in October provides little assurance that the business will have sufficient funds to make required payments in *each month* of the off-season. *See Loop Corp. v. U.S. Trustee*, 379 F.3d 511, 518-19 (8th Cir. 2004) (observing that bankruptcy court was not required to blindly accept the debtor's self-serving affidavit regarding value of estate). Thus, it was not clear error for the Bankruptcy Court to determine there was no reasonable likelihood of rehabilitation. Consequently, the Bankruptcy Court did not abuse its discretion in finding cause under § 1112(b)(4)(A).[2]

*Best interest of the creditors*

Hoover next argues that, assuming there was cause to convert, conversion was nonetheless improper under § 1112(b)(2). Section 1112(b)(2) provides that a bankruptcy court may *not* convert or dismiss a Chapter 11 case "if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate." 11 U.S.C. § 1111(b)(2). There is no evidence that Hoover

---

[2] Because cause exists under (b)(4)(A), and as discussed below, the decision to convert Hoover's case was not otherwise an abuse of discretion, the Court does not reach the alternative grounds for cause found by the Bankruptcy Court under (b)(4)(D) and (b)(4)(F).

raised this defense to conversion before the Bankruptcy Court, and no circumstances exist to excuse such a failure. Therefore, the argument is waived. *See In re Net-Velazquez*, 625 F.3d 34, 40 (1st Cir. 2010) (observing that "absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal") (internal quotations omitted); *In re Rauh*, 119 F.3d 46, 51 (1st Cir. 1997) ("A party may not raise new arguments for the first time on appeal."); *In re Stevenson*, 475 B.R. 286, 288 (D. Mass. 2012) (rejecting argument as waived where not raised before the bankruptcy court).

*Notice and opportunity to be heard*

Finally, Hoover asserts that his due process rights were violated because he had no notice that the Court would hear evidence on diminution of the estate and likelihood of rehabilitation under (b)(4)(A).[3] This argument is meritless. The U.S. Trustee plainly referenced (b)(4)(A) as a ground for cause in its motion to convert or dismiss, thereby putting Hoover on notice that it sought conversion on that basis.[4] *See* Mot. to Convert, at 2 ¶ 9. Moreover, the Bankruptcy Court specifically requested that the parties provide evidence and argument on the business's financial health. *See* Bankruptcy Court Docket, Entry No. 70. In light of this record, Hoover cannot credibly argue that he lacked notice and a meaningful opportunity to be heard on the issues relevant to (b)(4)(A). Therefore, the Bankruptcy Court did not abuse its discretion in converting Hoover's bankruptcy case from Chapter 11 to Chapter 7.

---

[3] Hoover also asserts that he lacked notice and an opportunity to be heard on the Court's conclusion that cause existed under (b)(4)(F). Because the Bankruptcy Court did not abuse its discretion in converting for cause under (b)(4)(A), the Court does not reach Hoover's due process argument as it relates to (b)(4)(F).

[4] Hoover cites no authority for his assertion that the U.S. Trustee, in moving for dismissal or conversion, must meet the pleading requirements for civil complaints set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). The Court rejects this argument. Rule 9014 of the Federal Rules of Bankruptcy Procedure provides the procedural requirements for contested matters made by motion in bankruptcy cases, not Rules 8 or 12 of the Federal Rules of Civil Procedure.

## **Conclusion**

For the foregoing reasons, the order of the Bankruptcy Court is ***affirmed***.


**SO ORDERED.**

                                                      */s/ **Timothy S. Hillman***  
                                                      TIMOTHY S. HILLMAN  
                                                      DISTRICT JUDGE